# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DURAN, JASON ERNIE | ) | Case No. 20-13341-CDP |
| XXX-XX-7543 | ) | Chapter 7 |
| DURAN, ASHLEY MICHELLE | ) | |
| XXX-XX-0835 | ) | |
| | ) | |
| *Debtor.* | ) | |
| JOLI A. LOFSTEDT, Chapter 7 Trustee | ) | |
| | ) | |
| *Plaintiff,* | ) | Adversary Proceeding No. |
| | ) | |
| vs. | ) | |
| | ) | |
| ACCOUNT BROKERS OF LARIMER | ) | |
| COUNTY, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Joli A. Lofstedt, Chapter 7 trustee ("*Trustee*") of the bankruptcy estate of Jason Ernie Duran and Ashley Michelle Duran ("*Debtors*"), and Plaintiff herein, hereby files her complaint (the "*Complaint*") against Defendant, Account Brokers of Larimer County, Inc. ("*Defendant*") stating the following:

## JURISDICTION

1.      This Court has original jurisdiction over these matters pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), General Procedure Order No. 1984-3 and 28 U.S.C. § 157(b)(1) in that they arise under Title 11 of the United States Code.

2.      This Court has exclusive jurisdiction over all of the property, wherever located, of Debtor as of the commencement of the bankruptcy case, and of property of the estate, pursuant to 28 U.S.C. §1334(e).

3.      Proceedings to determine, avoid or recover preferential transfers are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(F).

4.      Proceedings to disallow claims pursuant to Bankruptcy Code § 502(d) are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

6.      On May 14, 2020, (the "*Petition Date*"), Debtor filed a Voluntary Petition for protection under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Colorado. Trustee is the duly appointed chapter 7 trustee in Debtor's bankruptcy case.

7.      Upon information and belief, Defendant is a Colorado Corporation.  Defendant's principal office is located at 2001 S. Shield Street, Building H, Suite 103, Fort Collins, Colorado 80526.

### FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Payments
### Pursuant to Bankruptcy Code § 547)

8.      Trustee incorporates paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9.      Upon information and belief, Debtor's wages were garnished by Defendant  during the entire 90-day period immediately prior to the bankruptcy filing (the "*Preference Period*") in the aggregate amount of $1,457.03 (the *"Garnishments"*).

10.      The Garnishments were transfers of Debtor's property.

11.      The Garnishments were made to or for the benefit of the Defendant.

12.      The Garnishments were made for or on account of an antecedent debt owed by Debtor to Defendant before such Payment was made.

13.      The Garnishments were made while the Debtor was insolvent.  Pursuant to 11 U.S.C. §547(f), Debtor is presumed insolvent within the 90 days immediately prior to the Petition Date.

14.      The Garnishments enabled Defendant to receive more than it would receive if (i) the case were a case under Chapter 7, (ii) the Garnishments had not been made; and (iii) Defendant received payment of such debt to the extent provided by the provisions of Title 11 of the United States Code.

15.      The Garnishments are avoidable as a preferential transfer pursuant to Bankruptcy Code § 547(b).

16.      Trustee asserts that through discovery, it may become known that additional payments or transfers were made by Debtors to Defendant during the Preference Period.  Trustee asserts that all or a portion of such additional payments or transfers may be avoidable as preferential transfers under Bankruptcy Code § 547(b) and are included herein in the definition of "Garnishments."

## SECOND CLAIM FOR RELIEF
### (Liability of Transferee pursuant to Bankruptcy Code § 550)

17.     The Trustee re-alleges paragraphs 1 through 16 of this Complaint and incorporates them as if fully set forth herein.

18.     Defendant was the initial transferee of the Garnishments.

19.     Pursuant to Bankruptcy Code § 550, Trustee is entitled to recover the Garnishments from Defendant.

## THIRD CLAIM FOR RELIEF
### (Disallowance of Claim Pursuant to Bankruptcy Code § 502(d))

20.     Trustee re-alleges paragraphs 1 through 19 of this Complaint and incorporates them as if fully set forth herein.

21.     Bankruptcy Code § 502(d) provides:

> the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547. . . of this title, unless such entity or transferee has paid the amount, or turned over such property.

22.     In this proceeding, Trustee is requesting that the Court disallow all claims held by Defendant against the estate pursuant to Bankruptcy Code § 502(d) if Defendant is holding any Payment(s) avoidable and recoverable under Bankruptcy Code § 547 through 551.  In this proceeding, Trustee is not objecting to the allowance of any claim held by Defendant on any other grounds and expressly reserves the right to object to Defendant's claim(s), if any, on any other grounds by filing an objection in the main bankruptcy proceeding.

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee prays that the Court enter an Order:

(a)     declaring that the Garnishments are avoidable and recoverable by the Trustee as preferential transfers pursuant to Bankruptcy Code §§ 547 and 550;

(b)     awarding judgment in favor of Trustee and against Defendant (i) in the amount of $1,457.03; (ii) for such other amounts as may become known through discovery and proven at trial; and (iii) for all costs and attorneys' fees as provided by law;

(c)     disallowing any claim held by Defendant against the estate pursuant to Bankruptcy Code § 502(d) if the Court enters an order declaring all or a portion of the Garnishments are avoidable and recoverable pursuant to Bankruptcy Code § 547 through 551, unless Defendant has paid the amount avoidable and recoverable to the estate; and

(d)     granting such other and further relief as this Court deems just and proper.

Dated:  January 14, 2021                    Respectfully submitted,

                                            */s/ Joli A. Lofstedt*
                                            Joli A. Lofstedt, Chapter 7 Trustee
                                            PO Box 270561
                                            Louisville, CO 80027
                                            Tel: (303) 476-6915
                                            Fax: (303) 604-2964
                                            Email:  joli@jaltrustee.com